UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **MICHAEL TUCKER, et al., individually and on behalf of all others similarly situated,** | ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) ) Case No. 1:20-CV-254-SNLJ |
| **GENERAL MOTORS LLC,** | ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM AND ORDER

Plaintiffs Michael Tucker and Robert Riddell brought this lawsuit on behalf of themselves and a putative class of similarly situated individuals on multiple claims against defendant General Motors LLC ("GM"). This Court granted defendant's motion to dismiss. Plaintiffs appealed only as to the dismissal of their claim under the Missouri Merchandising Practices Act ("MMPA"). The Eighth Circuit reversed, concluding that plaintiffs' omission-based MMPA claim should not have been dismissed, and remanded the matter to this Court for further proceedings. Defendant has filed a renewed motion to dismiss [Doc. 40].

**I.      Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true. Plaintiffs each own GM vehicles featuring Generation IV 5.3 Liter V8 Vortec 5300 engines (the "Gen IV engines"). Plaintiffs allege that those engines contain defective piston rings that cause excessive oil consumption. That "Oil Consumption

Defect" causes reduced engine lubricity, which, in turn, causes engine damage and malfunction. Plaintiffs allege that GM knew about the defect but failed to disclose it to the people who bought trucks and SUVs containing the Gen IV 5.3L engines, and GM has refused to offer an effective repair.

Plaintiffs' allegations are materially identical to numerous cases filed against GM across the country.  The first of those cases was filed in 2016, *Siqueros v. General Motors LLC*, No. 16-cv-07244  (N.D. Cal.). That case has proceeded to trial and a verdict for plaintiffs. *Siqueros*, ECF No. 566 (verdict form).  The plaintiffs here explain they brought their claims in this Court rather than in *Siqueros* because GM successfully argued that no additional non-California plaintiffs may assert claims in the *Sloan* action pursuant to *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).

Plaintiff Michael Tucker is a Missouri resident who purchased a 2013 GMC Sierra in 2013 with a Gen IV engine. Tucker alleges his vehicle started consuming excess oil when it had approximately 75,000 miles on the odometer. Plaintiff Robert Riddell is a Michigan resident who purchased a new 2012 Chevrolet Silverado with a Gen IV engine in 2012. Riddell alleges his vehicle started consuming excess oil after 25,000 to 30,000 miles. Plaintiffs allege that GM was aware of the alleged oil consumption defect, citing GM advertisements and public statements that generally refer to the performance, power, and fuel economy of GM's vehicles, as well as technical service bulletins that GM made available to dealerships. Plaintiffs allege they reviewed window stickers affixed to their

vehicles and that they viewed TV commercials.  The Class Vehicles came with a 5-year, 100,000 mile New Vehicle Limited Warranty.

Plaintiffs' complaint now includes only Count I: violation of the Missouri Merchandising Practices Act. Plaintiffs seek to represent a class of Missouri purchasers and lessees of certain model year 2010-2014 GM vehicles equipped with Gen IV engines ("Class Vehicles"). Plaintiffs claim that they suffered unspecified damages because they "would not have purchased" or "paid too much" for their vehicles due to the alleged non-disclosure of the oil consumption defect. They seek attorneys' fees and costs, restitution, pre- and post-judgment interest, and damages, including punitive damages.

Defendant has again moved to dismiss the complaint.

## II.      Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

### III. Discussion

The MMPA states that the use of any omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce constitutes an unlawful act. *Hawkins v. Nestle U.S.A. Inc.*, 309 F. Supp. 3d 696, 701 (E.D. Mo. 2018) (quotation omitted). To state a claim under the MMPA, plaintiffs must show they (1) purchased merchandise from defendant; (2) for personal, family or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under the MMPA. *See Vitello v. Natrol, LLC*, 50 F.4th 689, 693 (8th Cir. 2022). Although a plaintiff must plead defendant knew of the alleged defect, *see Elfaridi v. Mercedes-Benz USA, LLC*, No. 16 CV 1896, 2018 WL 4071155, at *5 (E.D. Mo. Aug. 27, 2018), defendant does not argue that plaintiffs here have not sufficiently alleged such knowledge.

4

MMPA claims differ from common law fraud claims in that proof of intent to defraud or reliance is eliminated. *Ullrich v. CADCO, Inc.*, 244 S.W.3d 772, 777–78 (Mo. App. E.D. 2008). However, MMPA plaintiffs must still satisfy Federal Rule of Civil Procedure 9(b), which requires fraud claims are pleaded with particularity. That means that, to survive a motion to dismiss, plaintiffs must identify the who, what, when, where, and how of the alleged fraudulent conduct. *See U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). "Rule 9(b)'s particularity requirement demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." *Id.* (internal quotation omitted).

Defendant argues plaintiffs' MMPA claims do not satisfy Rule 9(b) because plaintiffs do not plead the details of the alleged omission such as its time and place, what was omitted, the identity of person who omitted, and what was obtained or given up thereby. This Court disagrees. Of course, for fraudulent omission claims, Rule 9(b)'s standard is somewhat relaxed. *See Lewey v. Vi–Jon, Inc.,* No. 4:11CV1341 JAR, 2012 WL 1859031, at *3 (E.D. Mo. May 22, 2012); *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 584 (W.D. Mo. 2015); *see also Nauman v. Gen. Motors LLC,* No. C21-5150 BHS, 2021 WL 4502666, at *4 (W.D. Wash. Oct. 1, 2021). Plaintiffs naturally would not be able to specify the time, place, and content of an omission as precisely as for a fraudulent statement. But even so, plaintiffs' 75-page complaint amply explains their claim. As explained in plaintiffs' response memorandum:

5

> Plaintiffs allege that GM (**who**) sold Class Vehicles that suffer from the Oil Consumption Defect. (ECF No. 1, Compl. ¶¶ 1-21.) Plaintiffs allege that GM failed to disclose this Oil Consumption Defect (**what**) at any time prior to Plaintiffs purchasing their Class Vehicles (**when**). (Id. ¶¶ 20, 29-31, 38-40, 104-183.) Plaintiffs further allege the avenues through which they received information regarding their vehicles, prior to purchase, and through which GM could have—but did not—disclose the Oil Consumption Defect (**where/how**). (Id. ¶¶ 30-39.) Specifically, Plaintiffs allege that they had discussions with the sales representatives at the named dealerships where they purchased their vehicles, saw commercials regarding their vehicles, and viewed Monroney stickers on their vehicles prior to purchase.

[Doc. 42 at 3 (emphasis in original).] Despite this specificity, defendant still suggests that plaintiffs must identify dates, locations, and the names of individual sales representatives. But "Rule 9(b) does not require such a granular level of specificity with respect to every question." *Delmar Fin. Co. v. Ocwen Loan Servicing, LLC*, No. 4:18CV00208 AGF, 2019 WL 2075893, at *3 (E.D. Mo. May 10, 2019). "The level of particularity required depends on, *inter alia*, the nature of the case and the relationship between the parties." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007), cited by *id*. The level of particularity is sufficient here.

Defendant contends plaintiffs' complaint is also defective because plaintiffs do not plead facts showing that they were ever exposed to a specific GM communication or advertisement that involved the allegedly defective part, citing *Elfaridi*, 2018 WL 4071155 at *3-4. But the cited language pertains to misrepresentations, not omissions.

Finally, defendant argues that plaintiffs fail to allege they relied on or decided to purchase the subject vehicles as a result of any specific GM omission. This Court disagrees. Plaintiffs allege that they acted or relied to their detriment on defendant's

6

omissions regarding the Oil Consumption Defect. Each plaintiff affirmatively states that, had defendant disclosed material information regarding the Oil Consumption Defect, plaintiff would not have purchased the vehicle or would have paid less. [Doc. 1 ¶¶ 32, 41.] These allegations are sufficient at this stage. *See Nauman*, 2021 WL 4502666, at *5 (denying motion to dismiss where plaintiff alleged that if General Motors had disclosed the oil consumption defect, he would not have purchased his class vehicle or would have paid less for it).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#40] is DENIED.

Dated this   22nd   day of May, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE