# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ROBERT RIDDELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | Civ No. 1:20-cv-00254-SNLJ<br><br>Honorable Stephen N. Limbaugh, Jr. |

**GENERAL MOTORS LLC'S MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION FOR ENTRY OF FINAL JUDGMENT**

## I. INTRODUCTION

On May 9, 2024, the Court issued a Memorandum and Order decertifying the Missouri class and granting summary judgment for General Motors LLC ("GM") on the only remaining claim by the only remaining plaintiff, Robert Riddell. *See* ECF No. 103 ("May 9, 2024 Order"). The Court has requested additional briefing about the "viability of this case[.]" *Id.* at 25. But no additional briefing is needed. Riddell was the only remaining plaintiff in this action, and the Court has now found that GM is entitled to judgment as a matter of law on Riddell's lone claim under the Missouri Merchandising Practices Act ("MMPA"). With that order, and the contemporaneous decertification of the Missouri class, all that remains is for the Court to enter final judgment for GM and dismiss this action in its entirety.

## II. PROCEDURAL HISTORY

On November 24, 2020, plaintiffs Robert Riddell and Michael Tucker filed a complaint asserting claims for breach of warranty, fraudulent omission, unjust enrichment, and violation of the MMPA on behalf of themselves and a putative class of Missouri purchasers and lessees of model year ("MY") 2010-14 GM vehicles with Gen IV engines. *See* ECF No. 1. GM moved to dismiss the complaint on various grounds, and the Court granted GM's motion to dismiss in its entirety. *See* ECF No. 29. Plaintiffs appealed the Court's decision solely as to their MMPA claim, and the U.S. Court of Appeals for the Eighth Circuit reversed the dismissal of that claim. *See* Order, *Tucker et al v. Gen. Motors LLC*, No. 21-2698 (8th Cir. Jan. 19, 2023). Following the appeal, plaintiff Tucker voluntarily dismissed his claim, (*see* ECF No. 55), leaving Riddell as the only remaining plaintiff and his MMPA claim as the only remaining cause of action.

The parties then filed a series of competing motions. Relevant here, Riddell moved to certify a class of all purchasers of Class Vehicles in Missouri on a claim for a violation of the MMPA, ECF No. 60, while GM moved for summary judgment on Riddell's MMPA claim. ECF No. 71. On February 14, 2024, before ruling on summary judgment, the Court certified the following class:

> All current owners of a 2011-2014 Chevrolet Avalanche, 2011-2014 Chevrolet Silverado, 2011-2014 Chevrolet Suburban, 2011-2014 Chevrolet Tahoe, 2011-2014 GMC Sierra, 2011-2014 GMC Yukon, and 2011-2014 GMC Yukon XL manufactured on or after February 10, 2011 that was equipped with a Generation IV 5.3-liter V8 Vortec 5300 LC9 engine that was purchased in the State of Missouri and purchased for personal, family, or household purposes.

ECF No. 93. GM moved for reconsideration of the Court's class certification order, ECF No. 94, and on May 9, 2024, the Court ruled on GM's motions for summary judgment and reconsideration of class certification, among other things. *See* ECF No. 103. In its May 9, 2024 Order, the Court concluded that "plaintiff has no evidence to show that GM knew its design changes would not be effective when it employed the 2010 and 2011 fixes" and therefore "defendant is entitled to summary judgment on claims related to vehicles purchased before October 2012." *Id.* at 18–19. The Court then went on to hold that, without a viable MMPA claim, Riddell was no longer a suitable class representative, and decertified the Missouri class, which included members who, like Riddell, did not have viable claims. *Id.* at 19, 25.

Although the Court decertified the class and granted summary judgment on the one remaining claim of the one remaining plaintiff—leaving this action with no plaintiff and no viable claims—the Court did not enter a separate final judgment dismissing this action. *Id.* at 25. GM now respectfully requests that the Court do so by entering final judgment pursuant to Rule 58(d) and dismissing this case in its entirety, with prejudice.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 58(a) provides that every judgment must be set out in a separate document, and Rule 58(d) provides that a party may request that judgment be entered as required by Rule 58(a). Under the Federal Rules, the term "judgment" refers to "any order from which an appeal lies," Fed. R. Civ. P. 54(a), and "[g]enerally, parties may only pursue an appeal from an order finally disposing of all claims and parties." *Liberty Ins. Co. v. HNTB Corp.*, 2022 WL 19263362, at *1 (W.D. Missouri Oct. 28, 2022) (citing *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009)). Entry of a separate, final judgment dismissing an action in its entirety under Rule 58(d) is appropriate when a district court grants summary judgment and disposes of all remaining plaintiffs and claims in an action. *See Treasurer, Tr. of Drury Indus., Inc. Health Care Plan and Trust v. Goding*, 2011 WL 3204756, at *1-2 (E.D. Mo. July 27, 2011) (final judgment appropriate under Rule 58 where summary judgment "dismissed all claims against the last remaining defendant[s]").

### IV. ARGUMENT

The Court should enter final judgment dismissing this case in its entirety for one simple reason: there is no plaintiff or certified class with any remaining viable claim against GM, and thus nothing left to adjudicate in this action.

This litigation began with two plaintiffs, who asserted a series of claims against GM on behalf of themselves and a putative Missouri class. Over the years, the scope of this action has narrowed considerably—to one plaintiff with only one claim, for alleged violation of the MMPA. In its May 9, 2024 Order, the Court assessed plaintiff's evidence after the close of discovery, and correctly found that he could not, as a matter of law, sustain a MMPA claim against GM. *See* ECF No. 103 at 19.

3

Once the Court granted summary judgment for GM on plaintiff's one remaining claim, it was left with the question of how to treat the class it had previously certified. Class notice had not been given, and Riddell could no longer serve as the class representative, as the law is clear that "a named plaintiff cannot represent the class if his claim is properly dismissed." *Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1056 (E.D. Mo. 2009) (citing *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 n. 8 (8th Cir. 1996) and *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1197 (8th Cir. 1998)). And the class itself could not stand: it included all purchasers of MY 2011-2014 Class Vehicles manufactured on or after February 10, 2011, but the Court had determined that GM was entitled to summary judgment on **all** MMPA claims "related to vehicles purchased before October 2012." ECF No. 103 at 19. With a substantial portion of the previously certified class left without viable claims, the Court properly decertified the class. *Id*.

So where does that leave this case? There is no plaintiff with a viable claim and no certified class with its own status or class claims to prosecute. When faced with similar circumstances, courts in the Eighth Circuit, including in this District, enter judgment and dismiss the action with prejudice in its entirety. *See, e.g.*, *Buchta v. Air Evac Ems, Inc*, 2020 WL 4583066, at *5 (E.D. Mo. Aug. 10, 2020) (dismissing all claims because there was no certified class and the sole named plaintiff did not have a viable cause of action against the defendant); *Vitello v. Natrol, LLC*, 2021 WL 3764802, at *6 (E.D. Mo. Aug. 25, 2021) (granting summary judgment for defendant on the only plaintiff's MMPA and unjust enrichment claims, and dismissing the case in its entirety because sole plaintiff did not have standing to bring the class action) (citing *Amburgy*, 671 F. Supp. 2d at 1056 and *Alpern*, 84 F.3d at 1548); *Great Rivers Coop. of Southeastern Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Circ. 1997) ("Here, Tacey is not and cannot be a class member because his claim is time barred;

4

consequently, he cannot represent the class. Because Tacey is the only named representative in Count 4, the putative class lacks a representative on that count. Without a class representative, the putative class cannot be certified and its claims cannot survive. The district court's dismissal was therefore proper.") (internal citations omitted).

The same outcome is required here. Although the Court has invited additional briefing about the suitability of the class representative and the viability of this case, the Court itself has already answered those questions. Riddell does not have a viable MMPA claim against GM and is not a suitable class representative as a matter of law. ECF No. 103 at 25. And the Missouri class has been decertified—it no longer exists. *Id.* As there are no active claims against GM and no plaintiff or certified class to prosecute those claims, the Court should formally dismiss this case and enter final judgment in favor of GM. *Jordan v. U.S. Dep't of Labor*, 2019 WL 1118560, at *1 (W.D. Mo. March 11, 2019) (entry of final judgment under Rule 58(d) is appropriate "[o]nce all claims have been adjudicated and an appealable order is entered").

## V.   CONCLUSION

For these reasons. GM respectfully requests the Court enter final judgment pursuant to Rule 58(d) and dismiss this action in its entirety, with prejudice.

5

Dated: May 29, 2024                     Respectfully Submitted,

*/s/ April N. Ross*
April N. Ross (admitted *pro hac vice*)
Rachel P. Raphael (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: 202-739-3000
april.ross@morganlewis.com
rachel.raphael@morganlewis.com

Beth Conran (Bar No. 49937 (MO))
UB GREENSFELDER LLP
10 S. Broadway, Ste. 2000
St. Louis, MO 63102
Telephone: 314-516-2688
BConran@ubglaw.com

*Attorneys for General Motors LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 29, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ April N. Ross
April N. Ross