# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

ROBERT RIDDELL, individually and on behalf of all others similarly situated,

    Plaintiff,

  v.

GENERAL MOTORS LLC,

    Defendant.

Civ No. 1:20-cv-00254-SNLJ

Honorable Stephen N. Limbaugh, Jr.

# GENERAL MOTORS LLC'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT AND OPPOSITION TO PLAINTIFF'S RESPONSE TO THE COURT'S SUMMARY JUDGMENT AND CLASS DECERTIFICATION ORDER

## INTRODUCTION

Less than three months before the scheduled trial, the Court granted summary judgment for General Motors LLC ("GM") on class representative Robert Riddell's last remaining cause of action, finding that he could not, as a matter of law, prevail under the Missouri Merchandising Practices Act ("MMPA"). And because many class members likewise lack viable MMPA claims, the Court decertified the Missouri class. *See* ECF No. 103 or "May 9 Order." With no viable plaintiff, no viable cause of action, and no certified class, this case is over. As GM explained in its Motion for Entry of Final Judgment, the only thing left to do is for the Court to enter final judgment for GM and dismiss this action with prejudice. *See* ECF Nos. 107, 108. Rather than accept defeat, plaintiff's counsel implores the Court to allow five new people to intervene and return this case to square one.[1] ECF Nos. 110, 110. The law does not permit intervention under these circumstances. It requires the entry of judgment.

For years, plaintiff's counsel represented to the Court that their chosen named plaintiffs—Robert Riddell and Michael Tucker—were typical and adequate class representatives and that their claims were common and representative of the claims of the class. Yet Tucker voluntarily dismissed his claims, and Riddell had all but one of his claims dismissed before the Court certified that claim for class adjudication, appointing Riddell as the sole class representative. At no time did any other person seek to intervene or represent

---

[1] Following the May 9 Order, plaintiff Riddell has no viable claims against GM, and he makes no arguments seeking to revive his personal claims. The arguments in plaintiff's latest submission belong to counsel alone.

the class. Riddell then lost on the merits when the Court held on May 9, 2024 that he could not establish GM's knowledge of the alleged defect at the time he purchased his truck, and the Court granted summary judgment for GM. *See* ECF No. 103. The Court could have applied that ruling to the entire class, because a class representative's failure of classwide proof is fatal to the claims of all certified class members. Instead, the Court decertified the class, leaving absent class members unbound by the final judgment in this case. *Id.*

Plaintiff's counsel now asks the Court to begin this litigation anew and permit five new people to intervene and "carry" this case to trial. But there is no case left to carry and allowing intervention at this late stage would obliterate the efficiency and economy principles that are the cornerstone of Rule 23 class actions. By plaintiff's counsel's logic, any time a class representative fails to carry his or her evidentiary burden and loses on the merits, a court must allow others to step in and revive the suit after summary judgment. This is not the law, and it cannot be squared with the class representative requirements of Federal Rule of Civil Procedure 23: as goes the claim of the class representative, so goes the claim of the class. Rather than setting a dangerous and novel precedent allowing infinite "do overs," the Court should dismiss this action with prejudice and enter final judgment pursuant to Federal Rule of Civil Procedure 58(d).

## **ARGUMENT**

### **I.     This Action Has No Plaintiff, No Class, and No Viable Claims.**

On May 9, 2024, the Court granted summary judgment for GM on the only remaining

claim of the only remaining plaintiff and decertified the only certified class. ECF No. 103.[2] Plaintiff's counsel nevertheless insists that this matter is still a viable class action because they believe the Court's reasoning affects only certain class members who purchased vehicles prior to October 2012, and they claim others are "prepared" to step in and "carry" the case to trial. Pl's Resp. to Ct.'s Decertification Order & Opp'n to Mot. for Entry of Final J. (Pl's Resp.) at 1, ECF No. 109. Counsel is wrong.

First, the Court's summary judgment and decertification decision is not nearly as limited as counsel suggests. Plaintiff's now-decertified MMPA claim is based on the alleged "omission of a[] material fact in connection with the sale or advertisement of any merchandise." ECF No. 103 at 12. The Court's May 9 Order clearly held that "plaintiff has *no evidence* to show that GM knew its design changes would not be effective when it employed the 2010 and 2011 fixes," and that the limited evidence plaintiff could muster raised a question of fact concerning GM's knowledge only after October 2012. *Id*. at 18-19 (emphasis added).

---

[2] Plaintiff's counsel seems content to ignore the absence of a certified class in this case. But to the extent they intend to question the propriety of the Court's decertification decision on reply, Rule 23(c)(1)(C) provides that a class certification ruling "may be altered or amended before final judgment," and "a district court maintains an independent duty to assure that a class continues to be certifiable[.]" *Vogt v. State Farm Life Ins. Co.*, 2018 WL 4937069, at *1 (W.D. Mo. Oct. 11, 2018) (quoting *Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 832 (8th Cir. 2017)). Thus "[e]ven after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982). With no class representative with a viable claim, no classwide common evidence on GM knowledge, and no evidence to support the claims of a substantial portion of the class, the Court had only two options: grant judgment for GM as to the individual plaintiff's claim *and* the claims of all class members, or decertify the class, leaving absent class members free to pursue their own claims through a new action. *See* ECF No. 103.

3

Although that ruling was fatal to Riddell's own MMPA claim and the claims of many other class members who purchased their vehicles before October 2012, its implications are much broader.

The previously certified class included both new and used vehicle purchasers. GM could not have omitted anything in connection with the sale of used vehicles not purchased at a GM-authorized dealership years after the original sale. To the extent these purchasers claim to rely on alleged omissions in GM marketing materials for their vehicles, GM released its marketing materials for model year 2011-2013 vehicles well before October 2012. *See* **Ex. 1**, Decl. of Amy Masica ¶ 6. As the Court correctly recognized in its May 9, 2024 Order, GM could not have omitted something that it did not know. ECF No. 103 at 18-19. Accordingly, the Court's May 9 Order precludes MMPA claims not only for those who bought putative Class Vehicles before October 2012, but also the claims of anyone who purchased used model year 2011-2013 vehicles from private sellers, used car lots, and non-GM-affiliated dealerships—including at least two of the proposed intervenors.[3] *See* Decl. of Randy Gleeson ¶ 2, ECF No. 111-3, (purchased used from private seller); Decl. of James Phipps ¶ 2, ECF No. 111-5 (purchased used from private seller); *see also* Decl. of Randy Young ¶ 2, ECF No. 111-2 (purchased from unidentified seller located in unidentified state).

---

[3] Even for the proposed intervenors who bought vehicles from GM-authorized dealerships, individualized questions about their purchase experience—including but not limited to representations made about these vehicles by the independent dealerships—would predominate.

Second, and more fundamentally, counsel is mistaken in insisting that summary judgment against the sole class representative and class decertification "does not pose a significant practical hurdle to . . . class-wide resolution." Pl's Resp. at 3. Counsel argues that the Court should allow the case to continue because "a certified class has a 'legal status separate from the interest asserted by'" the named plaintiff. *Id.* (quoting *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)). But *there is no longer a certified class and there are no longer any live claims*. Indeed, the Court specifically found based on the evidentiary record that the previously certified class does not meet the Rule 23 requirements because it includes many members who lack viable claims.

Counsel's cited cases have no bearing here, as they addressed situations where the class remained certified, but the Court found the class representative became inadequate after certification for uniquely individual reasons. *See Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1333-34 (11th Cir. 2003) (class representative filed for bankruptcy post-certification and was no longer a member of certified class that did not include bankrupt companies); *Lynch v. Baxley*, 651 F.2d 387, 388-89 (5th Cir. 1981) (class representatives no longer had standing when state repealed and replaced the law at issue and neither class representative was impacted by new law); *Norman v. Conn. State Bd. of Parole*, 458 F.2d 497, 499 (2d Cir. 1972) (class representative in action challenging right to be represented by counsel at parole revocation hearing was no longer a member of certified class after state court dropped criminal charges against him during appeal from summary judgment).[4] Likewise, in

---

[4] Counsel's remaining cases equally miss the mark. *See Little Caesar Enters., Inc. v. Smith*,

5

*Sloan v. General Motors LLC*, 2020 WL 5517244, at *7-9 (N.D. Cal. Sept. 14, 2020), the Court allowed intervention after the California class representative sold his truck before trial, and thus was no longer a member of the certified class of "current owners" of the class vehicles. The class itself was unchanged.

Here, unlike in the cases that counsel relies on, the Court did not find that any subsequent developments suddenly rendered Riddell an inadequate class representative. Instead, the Court found on a full evidentiary record that Riddell, the sole class representative, could not prevail *on the merits of his claim*, and that the class members did not share common claims because the evidence of GM's knowledge did not support a classwide determination under the MMPA. In other words, "subsequent developments in the litigation" made clear that the Missouri class should never have been certified in the first place. *See Gen. Tel. Co.*, 457 U.S. at 160.

---

172 F.R.D. 236, 244 n.3 (E.D. Mich. 1997) (magistrate judge at class certification stage found that plaintiff was adequate class representative and noted that, theoretically, the court could permit a substitute class representative, but did not comment on the validity of a specific substitution or recommend that the court allow it); *Winbush v. Iowa By Glenwood State Hosp.*, 66 F.3d 1471, 1476-79 (8th Cir. 1995) (allowing intervention by individuals after bench trial and class decertification where defendants were previously aware of the proposed intervenors and many had even been deposed by defendants and testified and were subject to cross-examination at trial); *Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1201 (N.D. Cal. 2007) (conditionally certifying class where named plaintiff lacked standing pending substitution of class representative); *McAnaney v. Astoria Fin. Corp.*, 2007 WL 2702348, at *12-14 (E.D.N.Y. Sept. 12, 2007) (class representative became inadequate when his individual claim was found to be untimely); *In re S. Cent. States Bakery Prods. Antitrust Litig.*, 86 F.R.D. 407, 412, 424 (M.D. La. 1980) (allowing substitution when one of the two named plaintiffs was found inadequate at class certification stage).

6

## II. There is No Live Action, and Thus No Action in Which to Intervene.

Implicitly conceding that there is currently no live claim for the Court to adjudicate and that final judgment is otherwise appropriate, plaintiff's counsel argues that *if* the Court allows new plaintiffs to intervene there will once again be "live claims" and final judgment would then be "inappropriate." Pl's Resp. at 3. But neither Rule 23 nor Rule 24 allows counsel to litigate a class claim for years with their chosen representative, only to turn to intervention to revive the action after the appointed representative loses on the merits. *See, e.g.*, *Black v. Cent. Motor Lines*, 500 F.2d 407, 408 (4th Cir. 1974) ("Intervention is ancillary and subordinate to a main cause and whenever an action is terminated, for whatever reason, there no longer remains an action in which there can be intervention."). Both the United States Supreme Court and the U.S. Court of Appeals for the Eighth Circuit recognize the "governing principle" that "intervention will not be permitted to breathe life into a 'nonexistent' lawsuit." *East v. Pryor*, 89 F.R.D. 75, 79 (E.D. Ark. 1981) (quoting *Fuller v. Volk*, 351 F.2d 323, 326 (3rd Cir. 1965) and citing cases); *see also, e.g.*, *In re Dygert*, 232 B.R. 155, 157 (D. Minn. 1999) (this principle is "well settled"); *Cook v. Bates*, 92 F.R.D. 119, 122 (S.D.N.Y. 1981) ("[I]ntervention may not be utilized to revive a moribund lawsuit.").

If intervention were allowed to salvage a class action after the defendant prevailed on the merits, then *any time* a class representative failed to carry his evidentiary burden, the court would be expected to allow other class members to step in to continue the suit in perpetuity until someone finally prevailed. Unsurprisingly, that is not the law, as it "defeat[s] the purpose of permitting a collective/class action by denying the efficiencies such a procedure is intended

7

to produce." *Perrin v. Papa John's Int'l. Inc.*, 2014 WL 4749547, at *3 (E.D. Mo. Sept. 24, 2014) (quoting *Dernovish v. AT & T Operations, Inc.*, 720 F. Supp. 2d 1085, 1088 (W.D. Mo. 2010)). It is well settled that class counsel "cannot wait and present one potential representative after another until one succeeds, in the meantime forcing the court to conduct multiple individual adjudications—the antithesis of a class action." *Ho v. Ernst & Young LLP*, 2012 WL 95342, at *4 (N.D. Cal. Jan. 11, 2012).

Far from being "quick[]" and "[]efficient," Pl's Resp. at 5, reviving this case with five new plaintiffs at this late stage would come at considerable cost to GM and the Court, adding years to this already protracted proceeding just when it should be coming to a close. New pleadings, potentially another motion to dismiss, and new discovery (including written discovery, depositions, and vehicle inspections) would be needed. Both sides' experts would need to issue new expert reports,[5] and the Court would need to decide new motions for summary judgment and class certification.[6]

The parties have already spent over three and a half years going through each of these steps, resulting in judgment in favor of GM. Forcing GM to repeat all these efforts with new

---

[5] *See* Expert Report of Robert Kuhn at 21-23, ECF No. 76-1, (discussing Riddell's service records and testimony, and the inspection of his vehicle in support of expert opinions); Expert Report of Michael C. Keeley, PhD at 13-14, 17, 19-23, 31, ECF No. 76-29, (discussing Riddell's testimony and unique vehicle experience in support of expert opinions); Expert Report of Rene Befurt, PhD at 13-14, 16, ECF No. 76-30 (discussing Riddell's testimony and unique vehicle experience in support of expert opinions).

[6] Any renewed motion for certification would not, as plaintiff's counsel suggests, be limited to typicality and adequacy of any new proposed class representative. In light of the Court's May 9 Order, any future class certification motion would need to propose a new class definition and present new evidence supporting certification of that class.

plaintiffs *after* GM has won on the merits would not only waste the Court's time and resources, it would significantly prejudice GM. Neither GM nor the Court should have to endure discovery, summary judgment, and class certification a second time—especially when counsel claims the intervening plaintiffs were members of the now-decertified class and could have sought to join this action at any point prior to losing at summary judgment. *See In re Flash Memory Antitrust Litig.*, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010) (denying motion to substitute because "[a]llowing Plaintiffs to 'swap out' certain class representatives" contemporaneously with the motion for class certification "would require Defendants to conduct new and/or additional discovery that would not otherwise have been required had Plaintiffs joined the appropriate representatives in the first instance"); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999) (denying leave to amend to add new plaintiffs as potential class representatives when "plaintiffs did not move to add new named plaintiffs until defendants responded to the motion for class certification" and adding new plaintiffs "would have required reopening class discovery and further delay").

Plaintiff's counsel had years to muster the classwide evidence needed to proceed to trial with the appointed class representative. Having now assessed that evidence, the Court found it lacking. Intervention is not intended to "give class action lawyers multiple bites at the [] apple." *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 827 (7th Cir. 2011); *see also Stampley v. Altom Transp., Inc.*, 2019 WL 10891858, at *2 (N.D. Ill. Feb. 4, 2019) (denying motion to allow potential substitution where plaintiff "did not suggest substitution of a new class

9

representative until after [the] decertification ruling" because "the current posture of the case is such that [plaintiff's] proposal comes too late to justify the resources it would demand").

### III. Entry of Final Judgment and Dismissal With Prejudice Is the Correct Path Forward.

All litigation eventually comes to an end, and this case is no exception. The Court's May 9 Order leaves only one path forward. After years of litigation, including extensive discovery, plaintiff failed to satisfy his evidentiary burden on behalf of himself and the class. The Court's summary judgment and decertification ruling leaves no plaintiff with viable claims, no certified class with its own legal status, and no class claims left for anyone to "carry" to trial. When faced with similar circumstances, courts recognize that the only remaining action is to enter final judgment and dismiss the case with prejudice. *See, e.g.*, *Buchta v. Air Evac Ems, Inc*, 2020 WL 4583066, at *2, *6 (E.D. Mo. Aug. 10, 2020) (denying motions to intervene at class certification stage as untimely and prejudicial because "the Court [would] have to hit the proverbial reset button and re-start this case from the beginning," and granting summary judgment for defendant on named plaintiff's claim, denying class certification, and dismissing action in entirety); *Vitello v. Natrol, LLC*, 2021 WL 3764802, at *6 (E.D. Mo. Aug. 25, 2021) (granting summary judgment for defendant on class representative's MMPA claim and dismissing complaint in its entirety); *Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 120 F.3d 893, 899 (8th Cir. 1997) (affirming summary judgment for defendant on class representative's claim and dismissing action); *Treasurer, Tr. of Drury Indus., Inc. Health Care Plan & Tr. v. Goding*, 2011 WL 3204756, at *1-2 (E.D. Mo.

July 27, 2011) (final judgment was appropriate under Rule 58 where summary judgment "dismissed all claims against the last remaining defendant[s]").

## CONCLUSION

For these reasons and those set forth in GM's Motion for Entry of Final Judgment, GM respectfully requests that the Court enter final judgment pursuant to Rule 58(d) and dismiss this action in its entirety, with prejudice.

Dated: June 24, 2024                           Respectfully Submitted,

*/s/ April N. Ross*
April N. Ross (admitted *pro hac vice*)
Rachel P. Raphael (admitted *pro hac vice*)
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: 202-739-3000
april.ross@morganlewis.com
rachel.raphael@morganlewis.com

Beth Conran (Bar No. 49937 (MO))
UB GREENSFELDER LLP
10 S. Broadway, Ste. 2000
St. Louis, MO 63102
Telephone: 314-516-2688
BConran@ubglaw.com

*Attorneys for General Motors LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ *April N. Ross*
April N. Ross