UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **ROBERT RIDDELL, et al., individually and on behalf of all others similarly situated,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | Case No. 1:20-CV-254-SNLJ |
| **GENERAL MOTORS LLC,** ) ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiff Robert Riddell brought this lawsuit on behalf of himself and a putative class of similarly situated individuals against defendant General Motors LLC ("GM"). In May 2024, this Court held that defendant was entitled to summary judgment on claims related to vehicles purchased before October 2012. Because lead plaintiff Riddell purchased his truck in September 2012, his claims fail as a matter of law, and Riddell was therefore no longer a suitable class representative. This Court thus decertified the class and ordered additional briefing on the matter of the class representative and the viability of this case in general given the reduced class size. [Doc. 103.]

Defendant filed a motion for judgment as a matter of law and entry of final judgment pursuant to Rule 58(d) [Doc. 107]. Several individuals—Steve Lawson, Randy Young, Randy Gleeson, Michael Hammers, and James Phipps—filed a motion to intervene in this case as new plaintiffs [Doc. 110].

I.      **The motions**

Defendant argues that there is now no plaintiff with any claim against defendant, and thus the Court must enter a final judgment in favor of defendant. However, five members of the previously certified class have filed a motion for intervention to continue prosecuting the remaining claims. Those proposed intervenors argue that caselaw and the interests of justice require that they be substituted as plaintiffs.

Federal Rule of Civil Procedure 24(a)(2) states that a district court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." For intervention as a matter of right, the Eighth Circuit requires that: "(1) [the intervenor have] a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota ex rel. Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

Defendant GM opposes the motion to intervene. First, GM declares there are "no viable claims" remaining in this action. [Doc. 113 at 2.] Although the lead plaintiff's claims were no longer viable after this Court's ruling on summary judgment, this Court did not grant summary judgment to GM on all possible claims of the class. Defendant accuses plaintiffs' counsel of seeking to rewind this litigation back to the beginning and start anew with different plaintiffs. Defendant claims it will be prejudiced by allowing

2

the intervention at this late stage in the litigation, and defendant insists instead that the proposed intervenors should be required to file a new lawsuit altogether.

It is true that, for both intervention as of right and permissive intervention, the "timeliness of a motion to intervene is a threshold issue." *U.S. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). Courts consider several factors in determining timeliness, including: (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for delay in seeking intervention; and (4) whether the delay may prejudice the existing parties. *ACLU of Minn. v. Tarek Ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011).

This case has been pending for four years and has endured both an appeal and significant, lengthy motion practice.  The intervenors' delay in moving to intervene, however, was only due to their earlier belief that the existing class representative could adequately represent their interests.  When it became clear that the class representative could no longer do so, the intervenors filed their motion.  As the Eighth Circuit has stated, "the timeliness of a motion to intervene is determined from the totality of the circumstances." *Winbush v. Iowa By Glenwood State Hosp.*, 66 F.3d 1471, 1479 (8th Cir. 1995) (citing *NAACP v. New York,* 413 U.S. 345, 366 (1973).  In *Winbush*, for example, the Eighth Circuit affirmed a district Court's grant of a motion to intervene even ten years after the case's inception and after decertification of the class.  66 F.3d at 1479.  Here, defendant's chief argument regarding prejudice appears to be that defendant

will have to continue to litigate this case against new purported class representatives. Defendant suggests the intervenors be required to file a new lawsuit.  It is entirely unclear how defending against a new lawsuit will be less prejudicial than continuing to litigate this existing case, in which numerous issues have already been resolved.

The proposed intervenors satisfy the requirements for intervention as a matter of right. First, they each have a legally protectable interest in the subject of this action. They are members of the former Class, the owners of Class Vehicles, and have MMPA claims against defendant that arise from their purchase of Class Vehicles with the Oil Consumption Defect.  Second, the disposition of this action may impair the proposed intervenors' ability to protect their interests. If the case is dismissed, the proposed intervenors will not be able to recover on their MMPA claims through this action. They will have to file a new action, which will likely delay any resolution by years. If they sell their vehicles during this time, then they would lose their ability to recover completely if the new litigation also includes a "current owner" limitation the class definition.  And finally, it is clear the existing parties cannot adequately protect the proposed intervenors' interests. The Court has granted summary judgment with respect to Mr. Riddell's claims, and he can no longer represent the interests of the other Class members. Without intervention, there is no party to this case that can protect the interests of the proposed intervenors.

Finally, defendant again contends that the proposed intervenors do not have standing to bring this litigation.  Defendant has repeatedly made this argument both to

4

this and other courts.  [*See, e.g.*, Doc. 103 at 19-22.]  Each of the proposed intervenors has provided a declaration affirming that his Class Vehicle has suffered excessive oil consumption, and this Court again declines to reconsider its rulings on the subject.

## II.    Conclusion

This Court will deny defendant's motion for entry of final judgment [Doc. 107] and grant the proposed intervenors' motion to intervene [Doc. 110].

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for entry of final judgment [Doc. 107] is DENIED.

**IT IS FURTHER ORDERED** that the proposed intervenors' motion to intervene [Doc. 110] is GRANTED.

**IT IS FINALLY ORDERED** that the parties shall, by September 16, 2024, submit a joint proposed Amended Case Management Order that limits any discovery, summary judgment briefing, and class certification briefing to issues directed only to the new proposed class representatives.

Dated this  6th  day of September, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE